IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SEIBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:19-cv-00746-SMD |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff Christopher Seibert ("Plaintiff") filed for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income (SSI) on August 16, 2016, alleging disability beginning February 15, 2012.  The application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review of that decision under 42 U.S.C. § 405(g).  Pursuant to

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 14); Def.'s Consent to Jurisdiction (Doc. 13). Based on the Court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-seven years old on his alleged disability onset date of February 15, 2012. Tr. 26. Plaintiff has a high school diploma, two years of college education, and past work experience as a radiology technician. Tr. 23. Plaintiff alleged disability and inability to work due to chronic blepharitis, depression, anxiety, and chronic pain. Tr. 20.

Following an administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since February 15, 2012, the alleged onset date[.]" Tr. 20. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "anxiety, depression, chronic blepharitis, and chronic pain from history of hand fracture[.]" Tr. 20. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 21. Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform light work . . . except the claimant can frequently handle and finger items with the right hand and left hand, and frequently climb ramps or stairs. He can occasionally climb ladders, ropes or scaffolds, frequently balance, and occasionally stoop, kneel, crouch or crawl. The claimant must avoid unprotected heights, but can have occasional exposure to hazardous mechanical parts and operation of motor vehicle as part of job duties. He can have occasional exposure to dust, odors, fumes, and pulmonary irritants, and can have frequent interactions with supervisors. The claimant can occasionally interact with coworkers and public, could not perform production rate work, and time off task would be accommodated with normal breaks.

Tr. 22. At Step Four, the ALJ concluded that Plaintiff is "unable to perform any past relevant work." Tr. 26. The ALJ next concluded, at Step Five, that "[c]onsidering the

claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 27. Based upon the testimony of the VE, the ALJ identified the following as representative occupations: "Machine operator," "Inspector," and "Classer aide." Tr. 27. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from February 15, 2012, through the date of this decision[.]" Tr. 27.

## IV. PLAINTIFF'S ARGUMENTS

Plaintiff presents one argument for the Court's review. Plaintiff claims the ALJ erred in failing to properly evaluate the detailed opinion evidence from Plaintiff's treating physicians. (Doc. 10) at 3-7.

## V. DISCUSSION

**Whether the ALJ Properly Evaluated the Opinion Evidence from Plaintiff's Treating Physicians.**

Plaintiff argues that the ALJ erred in evaluating the detailed opinion evidence from Plaintiff's treating physicians. (Doc. 11) at 3-7. Specifically, Plaintiff asserts the ALJ failed to "state with particularity the weight he gave different medical opinions and the reasons therefor." *Id*. at 4.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists to discount a treating physician's opinion when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a

contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate the reason for doing so. *Id.*

Opinions on some issues, such as whether a claimant is disabled or unable to work "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d); 416.927(d); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. SSR 96-5p. However, "[s]uch opinions on these issues must not be disregarded" and the "decision must explain the consideration given to the treating source's opinion(s)." *Williams v. Comm'r of Soc. Sec.*, 2008 WL 591288, at *3 (S.D. Ga. Mar. 3, 2008).

Here, Plaintiff specifically points to the ALJ's treatment of two treating physicians, Dr. Armand Schachter and Dr. Jade Hoy, D.O. (Doc. 12) at 24-25. Plaintiff asserts that the opinions should not have been afforded "little weight" and further argues that the "ALJ failed to sufficiently articulate her reasons for giving 'little' weight" to the opinions. (Doc. 10) at 7.

In assessing Dr. Schachter's opinion, the ALJ stated:

> The claimant's treating physician, Dr. Armand Schachter, completed a medical source statement in June 2017 stating that the claimant is markedly limited in interacting with others and understanding simple instructions. (Ex. 15F). The undersigned notes that Dr. Schachter inexplicably left parts of his medical source statement blank. The record includes notes from claimant's visits with Dr. Schachter in 2016 and 2017 in which he assessed the claimant

7

> with major depressive disorder and generalized anxiety disorder. (Ex. 4F, 13F). During these visits, the claimant denied psychosis, and suicidal or homicidal ideations. Dr. Schachter indicated that the claimant had a neutral mood with appropriate affect, his concentration and memory was intact, and he had good insight and judgment. (Exs. 4F, 13F). On June 6, 2017, the claimant reported that he felt his best in 6 years. (Ex. 13F, p. 1). Dr. Schachter recommended that the claimant return in 3 months. Interestingly, he noted that the claimed refused psychotherapy and relied on his medication regiment which had not changed recently. (Ex. 13F, p. 6). Dr. Schachter's notes strongly suggest that the claimant is stable. The undersigned gives his opinion little weight because his medical notes are inconsistent with the medical source statement he provided.

Tr. 25.

The undersigned finds that the ALJ's decision to afford little weight to Dr. Schachter's opinion regarding Plaintiff's limitations is supported by substantial evidence in the record. Tr. 25. As set forth above, the ALJ noted that Dr. Schacter's treatment notes show that Plaintiff, despite his diagnoses, presented with "a neutral mood with appropriate affect," that "his concentration and memory [were] intact," and that "he had good insight and judgment." Tr. 25. Dr. Schachter also noted that during a June 2017 visit, Plaintiff "reported that he felt his best in six years."[4] Tr. 25. Further, Dr. Schachter noted that Plaintiff "refused psychotherapy and relied on his medication regiment" to address his conditions. Tr. 25. Dr. Schachter's treatment notes contradict his opinion that Plaintiff is "markedly limited in interacting with others and understanding simple instructions." Tr. 25. Accordingly, the undersigned finds that the ALJ provided the requisite "good cause" to discount Dr. Schachter's opinion as a treating physician. *Phillips v. Barnhart* 357 F.3d

---

[4] Notably, Dr. Schachter's medical source statement was also completed in June 2017.

1232, 1240 (11th Cir. 2003) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).[5]

The undersigned also finds that the ALJ's decision to afford little weight to Dr. Hoy's opinion that Plaintiff is "permanently disabled" is supported by substantial evidence in the record. First, Dr. Hoy's opinion that Plaintiff is "permanently disabled" is outside the authority of a medical provider, and is an opinion reserved for the Commissioner.[6] *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Further, when discounting Dr. Hoy's medical opinion regarding Plaintiff's functionality, the ALJ noted that Dr. Hoy's opinion was inconsistent with his treatment records for Plaintiff and pointed to medical evidence in the record that indicates "normal findings." Tr. 24. Specifically, the ALJ pointed to two visits with Dr. Hoy on May 9, 2016, and September 15, 2016, both of which indicated that Plaintiff was "happy/content," had "normal activity level," and reported "no fatigue." Tr. 429, 433. The same encounters indicated that Plaintiff reported "no depression, no anxiety,

---

[5] Additionally, the undersigned notes that Dr. Schachter left the portion of the medical source statement blank that asks what medical or clinical findings supported his assessment. Tr. 497. Plaintiff claims the lack of narrative is, in essence, irrelevant because of a long-standing relationship between Plaintiff and doctor, and consistent diagnoses that support his opinion. (Doc. 10) at 7. However, a doctor's opinion must be supported by his record keeping, and in this instance Dr. Schachter's medical records are either missing or inconsistent with his opinion that Plaintiff was markedly limited.

[6] Nonetheless, it is clear that the ALJ did not disregard Dr. Hoy's opinion, which was reserved for the Commissioner. *See Williams*, 2008 WL 591288, at *3 (stating that opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance but that the ALJ must not disregard the opinion and must explain the consideration given to the opinion). As set forth more fully below, the ALJ explained the consideration given to Dr. Hoy's opinion.

and no insomnia." Tr. 429, 433. During the May 2016 visit, Dr. Hoy noted that Plaintiff's chief complaint was ankle swelling with "minor pain," source unknown. Tr. 432.

The ALJ also pointed to a February 15, 2018, visit with Dr. Hoy, which noted that Plaintiff had "normal activity level" and "no fatigue." Tr. 534. The same note also indicated that Plaintiff reported "no depression, no anxiety, and no insomnia." Tr. 534. These treatment records sharply contrast with Dr. Hoy's opinion that Plaintiff's pain "is present to such an extent as to be distracting to adequate performance of daily activities or work, and drug side effects can be expected to be severe and limit [Plaintiff's] ability to be effective in work situations due to distraction, inattention, drowsiness, etc." Tr. 24. Because Dr. Hoy's medical records are inconsistent with her opinion that Plaintiff is permanently disabled and with her opinion of the severity of Plaintiff's limitations, the undersigned finds that the ALJ had good cause to discount Dr. Hoy's opinion as a treating physician. Accordingly, the ALJ did not commit reversible error in affording Plaintiff's treating physicians' opinions little weight.

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 1st day of October, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE